UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-                                    18-CR-669-14 (JPO)

LOUIS RIVERA,                          ORDER
                      Defendant.

J. PAUL OETKEN, District Judge:

Defendant Louis Rivera is charged along with thirteen codefendants with firearms and
narcotics trafficking offenses.  (*See* Dkt. No. 24.)  Following his arrest on April 24, 2019, he was
detained on consent without prejudice to a future bail application.  (*See* Dkt. No. 58.)  He is
being held at the Metropolitan Correction Center ("MCC") in Manhattan.

Defendant has filed an application for bail, arguing that the COVID-19 pandemic poses a
health risk to Defendant in confinement at MCC, warranting his release on bail.  (*See* Dkt. No.
160.)  The Government has opposed Defendant's application.  (*See* Dkt. No. 161.)  Defendant
has submitted a reply letter.  (*See* Dkt. No. 163.)  The Court has reviewed the parties'
submissions and heard argument at a telephonic hearing on June 18, 2020.

Pursuant to 18 U.S.C. § 3142(e), the Court shall order detention if "no condition or
combination of conditions will reasonably assure the appearance of the person as required and
the safety of any other person and the community."  In making that assessment, courts are to
consider (1) the nature of the offense charged, (2) the weight of the evidence against the
defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness
of the danger to any person or the community that would be posed by the defendant's release.  18
U.S.C. § 3142(g).

In addition, the Court may order temporary release under 18 U.S.C. § 3142(i) if "release [is] necessary for preparation of the person's defense or for another compelling reason."  The proper inquiry is a balancing test.  That is, to determine whether release is justified for a "compelling reason," the Court must "balanc[e] the reasons advanced for release against the risks posed by release."  *United States v. Chambers*, No. 20-CR-135, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020).

As Defendant argues, the COVID-19 pandemic presents an extraordinary situation, particularly with respect to prison and jail populations.  "[I]nmates may be at a heightened risk of contracting COVID-19 should an outbreak develop."  *United States v. Stephens*, No. 15-CR-95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020).  While there is a strong case for reducing jail and prison populations generally during this pandemic, such a goal must be achieved "on a case-by-case basis," considering all relevant factors including, importantly, the danger posed by the defendant's release.  *Id.*  The conditions at MCC have been far from ideal during this pandemic.  There have been systematic failures to follow CDC guidelines and basic infection control practices at the MCC facility.[1]  However, the Bureau of Prisons has taken corrective actions to address these problems at the MCC, including increased testing, improved responsiveness of medical care, and greater availability of personal protective equipment and hygiene products.[2]

---

[1] *See Fernandez-Rodriguez v. Licon-Vitale*, No. 20 Civ. 3315 (S.D.N.Y.), Dkt. No. 51-1 (report of Dr. Homer S. Venters dated May 26, 2020).

[2] *See id.* at Dkt. No. 66 (declaration of Associate Warden Charisma Edge dated May 29, 2020); Dkt. No. 68-1 (report of Dr. Rebecca Lubelczyk May 26, 2020); Dkt. No. 68-6 (report of Dr. Rebecca Lubelczyk dated May 28, 2020).

Defendant is a 54-year-old man who was born and raised in New York City. He has been diagnosed with pulmonary embolism and has been on anticoagulants for most of his adult life. Due to his medical condition he likely faces an increased risk of serious illness if he contracts COVID-19. He has eight prior convictions, four of which are for felonies and one of which was for a violent assault. The Government believes he is also responsible for a violent robbery in September 2018, for which he was charged in New York state court. Defendant points out, however, that the robbery charge was dropped by state prosecutors after he was taken into federal custody in connection with this case. Based on the current charges in this case, Defendant faces a mandatory statutory minimum sentence of 15 years' imprisonment.

Having considered the factors in 18 U.S.C. § 3142(g) and the balancing required by § 3142(i), the Court denies Defendant's bail application for substantially the same reasons advanced by the Government. In particular, the Court concludes that the risk associated with Defendant's detention at MCC does not outweigh the danger that Defendant's release would pose. This conclusion is based primarily on (1) the nature and seriousness of the charges in this case and the strength of the evidence, (2) the Defendant's lengthy and serious criminal record, (3) the evidence of Defendant's involvement with a violent gang, and (4) the evidence of Defendant's recent commission of a violent robbery. On the last point, while Defendant emphasizes state prosecutors' dismissal of the charge, the evidence of Defendant's involvement nevertheless appears strong, including the victim's identification and the photograph of the perpetrator resembling Defendant.

In short, "the danger to the community presented by [Defendant's] release outweighs . . . the danger to himself presented by his incarceration." *Chambers*, 2020 WL 1530746, at *1 (quoting *United States v. Conley*, No. 19-CR-131, ECF No. 366, at 2–3 (S.D.N.Y. Mar. 31,

2020)); *see id.* (denying temporary release to asthmatic defendant under § 3142(i)).  The Court concludes that there are no conditions that would reasonably assure the safety of the community if Defendant were released.

If a change in circumstances arises that may warrant reconsideration of this decision — including change in conditions at MCC or in Defendant's medical condition, or further evidence shedding light on Defendant's involvement in the 2018 violent robbery — Defendant may renew his request for release on bail.

Accordingly, Defendant's motion for bail and for temporary release is denied.

The Clerk of Court is directed to close the motion at Docket Number 160.

SO ORDERED.

Dated: June 26, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge